IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ANNETTE JOHNSON, :
:
    Plaintiff, :
:
vs. : Civil Action No.
: **5:05-CV-77 (RLH)**
JO ANNE B. BARNHART, :
Commissioner of Social Security, :
:
    Defendant. :

**ORDER**

    The plaintiff herein filed applications for disability insurance benefits and Supplemental Security Income benefits on March 1, 2002; these applications were denied initially and upon reconsideration, and the plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on October 15, 2003.  In a decision dated January 28, 2004, the ALJ denied plaintiff's claim.   The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner.   The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g).  All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment.  The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals.  28 U.S.C. § 636(c)(3).

DISCUSSION

    In reviewing the final decision of the Commissioner, this court must evaluate both whether

the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits.  The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims:  (1) whether the claimant is engaged in gainful employment;  (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months;  (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1;  (4) whether the impairments prevent claimant from returning to his previous work;  and (5) whether claimant is disabled in light of age, education,

and residual functional capacity.  Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience.  20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of drug abuse, depression, and lumbar disc bulge, but that plaintiff retained the residual functional capacity to perform a limited range of light work limited by no more than occasional stooping, crouching, and overhead reaching.

### *1. Treating Physician*

Plaintiff asserts the ALJ erroneously disregarded the opinion of plaintiff's treating physician, Dr. Palmer.

The Eleventh Circuit Court of Appeals has held that good cause must be shown if the opinion of the treating physician is discounted; a non-examining physician's opinion is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.  See  Broughton v. Heckler, 776 F.2d 960 (11th Cir.1985).  "The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error."  MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986).

"The opinions of nonexamining, reviewing physicians, ... when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence." Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir.1987).  A consultative examination is not to be given greater weight than the opinion of a treating

physician. Hillsman v. Bowen, 804 F.2d 1179 (11th Cir. 1986). However, a treating physician's opinion may be discounted if it is not accompanied by objective medical evidence or is wholly conclusory. Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987).

Specifically, plaintiff cites to medical records from Dr. Samuel E. Palmer (Pl.'s Br. at 4). The medical record reveals that plaintiff has MRI evidence of degenerative disc disease with mild diffuse annular disc bulge and hypertrophy contributing to a mild to moderate central spine stenosis (Tr. 114). On September 19, 2003, Dr. Palmer opined that plaintiff was totally disabled (Tr. 193-194). On a medical assessment, Dr. Palmer indicated that plaintiff was capable of less than a full range of sedentary work (Tr. 195-198).

The ALJ did not assign great weight to the opinion of Dr. Palmer because he did not provide any objective clinical findings to support his disability opinion (Tr. 193-194). Additionally, the ALJ noted that plaintiff had not been seen by Dr. Palmer for 10 months (Tr. 28), and found Dr. Palmer's opinion is based on outdated and incomplete information, is inconsistent with the longitudinal medical record as a whole and plaintiff's activities of daily living, and therefore, was accorded little weight.

As noted by the ALJ (Tr. 28), on September 19, 2003, Dr. Palmer stated that plaintiff was disabled, but his medical records indicate that the last time he saw plaintiff was 10 months earlier on December 16, 2002 (Tr. 183). The ALJ may consider evidence of treatment, other than medication, received for relief of pain. See 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v). Wolfe, 86 F.3d at 1078; Watson v. Heckler, 738 F.2d 1169, 1173 (11th Cir. 1984); see also Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1464 (9th Cir. 1995) (noting that the ALJ was entitled to draw an inference adverse to the claimant from the general lack of medical

care); See e.g., Blacha v. Sec'y of Health and Human Servs., 927 F.2d 228, 231 (6th Cir. 1990) (noting that a claimant's failure to seek treatment undercuts complaints of disabling symptoms); Mullen v. Bowen, 800 F.2d 535, 547-548 (6th Cir. 1986) (an individual's failure to seek regular ongoing treatment is a factor which may properly be considered in assessing an individual's complaints of symptoms).

Handwritten treatment records from Dr. Palmer covering the period February 7, 2002 to November 18, 2002, contain few, if any, objective findings (Tr. 127-132, 183-192). On June 5, 2002, Dr. Palmer reported that physical examination revealed plaintiff had pain on palpation of the dorsolumbar spine and positive straight leg raising on the left and right (Tr. 124). Significantly, Dr. Palmer prescribed only conservative treatment with medication (Tr. 124). When plaintiff was last seen on December 16, 2002, Dr. Palmer noted plaintiff's subjective complaints of her left leg getting heavy and a burning sensation in her back and her feet, but there were no objective clinical findings and only conservative treatment with medication (Tr. 183). Dr. Palmer's records do not reflect a totally disabling back impairment or pain, nor do they support the restrictive limitations in his medical assessment.

On November 24, 2002, plaintiff was treated at Houston Healthcare for complaints of an injured right ankle (Tr. 199-201). However, x-rays of the right foot were normal (Tr. 202). Physical examination was also essentially normal; plaintiff had normal range of motion in the extremity with normal tendon function, examination of the back was normal, and motor and sensory examinations were normal (Tr. 200). Similar findings were reported on November 14, 2002 (Tr. 204). The absence of any significant neurological deficits or atrophy supports the ALJ's finding that plaintiff's allegations of disabling back pain were not credible. See 20 C.F.R.

§§ 404.1529(c)(2), 416.929(c)(2). See e.g., <u>Tyra v. Secretary of Health and Human Servs</u>., 896 F.2d 1024, 1030 (6th Cir. 1990) (despite subjective complaints of pain, claimant had no evidence of neurological abnormalities, atrophy or proportionate loss of sensory and reflex reactions).

The ALJ is permitted to discount a physician's report when it is not accompanied by objective medical evidence. *See* <u>Edwards v. Sullivan</u>, 937 F.2d 580, 583 (11$_{th}$ Cir. 1991). The weight afforded a physician's conclusory statements regarding a claimant depends upon the extent to which the statements are supported by clinical or laboratory findings and are consistent with other evidence of record. *See* <u>Wheeler v. Heckler</u>, 784 F.2dd 1073, 1075 (11$_{th}$ Cir. 1986); *see also* 20 C.F.R. § 416.927(d)(3) (the more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.)

Furthermore, a treating physician's opinion that a plaintiff is disabled or unable to work is not conclusive; the ALJ must make a disability determination based upon the medical findings and other evidence. See <u>Bell v. Bowen</u>, 796 F.2d 1350 (11th Cir. 1990). Opinions offered any medical source on issues such as whether the individual is disabled under the Act are not medical issues relating to the nature and severity of the individual's impairments. Rather, they are administrative findings dispositive of a case and hence reserved to the Commissioner. See Social Security Ruling 96-5p. While such opinions must not be disregarded, they can never be entitled to controlling weight or given special significance. They must be evaluated in light of the applicable factors in 20 C.F.R. § 404.1527(d), 416.927(d), including the degree to which the opinion provides supporting explanations and are consistent with the record when viewed as a whole.

After a consultative psychiatric evaluation on September 12, 2002, Donald S. Meek, Ph.D., gave diagnostic impressions of pain disorder with both psychological factors and general medical condition, adjustment disorder with depressed mood, dependent personality features and borderline intellectual functioning (Tr. 156- 158). On mental status examination, Dr. Meek noted that plaintiff's mood was marked by depression and her affect was flat, but she was able to maintain an appropriate attention span throughout the evaluation, and her immediate, recent and remote memory functions were within normal limits and consistent with borderline intellectual ability (Tr. 157).

Dr. Meek concluded that plaintiff experienced psychological problems including a pain disorder and depression (Tr. 158). Dr. Meek noted that plaintiff was expressing psychological difficulties through somatic channels, reported persistent periods of fatigue and weakness, and she might be preoccupied with ill-health and a variety of dramatic, but largely nonspecific pains in different and unrelated regions of the body (Tr. 158). In assessing plaintiff's functional ability, Dr. Meek reported that plaintiff had significant restriction of activities of daily activities because of her pain disorder (Tr. 158). However, plaintiff reported no significant difficulties in maintaining social functioning; there were only mild deficiencies of concentration; and there was no decompensation in a work setting (Tr. 158). Dr. Meek's findings are not indicative of a disabling mental impairment, and his assessment of plaintiff's functional ability is consistent with the ALJ's RFC finding.

During the period December 20, 2002 to September 9, 2003, plaintiff was treated at the Phoenix Center for Behavioral Health for complaints of depression, crying spells, inability to sleep and family related problems (Tr. 209-229, 233-298). On June 19, 2003, it was noted that

plaintiff was not following treatment instructions (Tr. 219). On July 31, 2003, plaintiff indicated that medications was helping her symptoms; she was feeling better with less stress (Tr. 217-218). Other treatment notes also reveal that plaintiff's condition responded to medication; she experienced less depression and nervousness and was sleeping better (Tr. 246, 248-249, 256, 266).   These records do not establish the existence of a mental impairment of such severity as to preclude the performance of plaintiff's past work as a cafeteria attendant and fast food worker.

The undesigned finds that the ALJ articulated specific reasons for discounting the conclusion by Dr. Palmer that plaintiff was disabled.  While the undersigned may not re-weigh the evidence, it is apparent that the decision was based upon substantial evidence for the reasons abovesaid.

## *2. Credibility*

Plaintiff asserts the ALJ erred in finding that plaintiff's subjective allegations were not credible to the extent alleged.  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part "pain standard" when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.  A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain.

20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability.  Foote v. Chater, 67 F.3d 1553,1560-1561 (11th Cir. 1995).

A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability.  Holt v. Sullivan, supra at page 1223;  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility. "[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action.  When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision."  Caulder v. Bowen, 791 F.2d 872, 880 (11th Cir.1986).

The ALJ focused on the objective medical findings in the record.  Specifically, the ALJ noted plaintiff's pattern of exaggeration regarding her symptoms; her issues of secondary gain, drug seeking and drug abuse; her conflicting and contradictory statements; and the fact that plaintiff's activities were inconsistent with her pain complaints (Tr. 31).  The ALJ noted that these inconsistencies were noted by plaintiff's medical providers as well.  (Tr. 32).  Furthermore, the ALJ noted places in the record where plaintiff had been non-compliant with her treatment plans, making appointments, medications, and other instructions from her providers.  (Tr. 32).

Finally, the ALJ noted that plaintiff's admitted activities of daily living were inconsistent with her reports of disabling pain or a disabling psychiatric impairment.  The level of daily activities is a factor which the Commissioner may consider in determining the extent to which pain and other symptoms are of disabling severity. See 20 C.F.R. § 404.1529(c)(3)(i), 416.929(c)(3)(i); compare with Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987) (an ALJ may consider plaintiff's daily activities in evaluating credibility and determining RFC). The record indicates that plaintiff is able to care for her own personal needs; care for her

granddaughter, drive, go shopping, perform household chores with assistance, cook, and interact with family and friends (Tr. 85, 99, 156-157, 319, 334- 335, 341).

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is the ORDER of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405 (g).

**SO ORDERED**, this 29th day of March, 2006.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd